Original
No. 84-196

## PETITION OF NEW HAMPSHIRE JUDGES ASSOCIATION

March 22, 1985

*Upton, Sanders & Smith*, of Concord (*Richard F. Upton* by memorandum), for the petitioner.

### MEMORANDUM OPINION AND ORDER

On March 13, 1984, the Ethics Committee of the New Hampshire Bar Association issued an opinion that it is improper for a part-time justice of a municipal or district court to act as counsel for a town located within the judicial district of his court. The committee's opinion cited Canons 1, 5, 7 and 9 of the Code of Professional Responsibility. By petition dated April 24, 1984, invoking this court's original jurisdiction, the New Hampshire Judges Association sought our review of this opinion. *See* SUP. CT. R. 11.

On May 9, 1984, we ordered that the committee's opinion "shall not be deemed to apply unless and until adopted by this court . . . ." On June 12, 1984, we ordered that the petition be treated as a "petition for a rule for the superintendence of the inferior courts within the meaning of RSA 490:4, to permit part-time district and municipal court justices to act as counsel for municipalities within the territorial jurisdiction of their courts." The order provided an opportunity to interested parties to file memoranda and to request leave to argue orally in response to the petition. Only the association filed such a memorandum or requested to be heard.

Since the petition was filed before our adoption of Supreme Court Rule 51 governing judicial rulemaking, the petition does not qualify for reference to the Supreme Court Advisory Committee on Rules. We have therefore ourselves addressed the merits of the petition in the first instance, and respond to the same by adoption of the following addition to § A of the Appendix to Supreme Court Rule 38, the Code of Judicial Conduct:

"(3) may serve as counsel to the town wherein his court is located or a town within the judicial district of his court, provided that:

(a) he may give no advice to the police of such town and may give no advice to any other officer or employee of the town that could reasonably be expected to influence the exercise of discretion by the police in the performance of their duties;

(b) he may give no advice to any officer or employee of the town on a matter that could reasonably be expected to be the subject of any action or suit before his court; and

(c) he must recuse himself from sitting as judge on any case in which his advice to the town is directly called into question or in which a ruling could directly affect the interests of the town."

*So ordered.*